**LAW OFFICES OF JOHNNY L. GRIFFIN III**
**JOHNNY L. GRIFFIN, III (SBN 118694)**
**MANOLO OLASO (SBN 195629)**
1010 F Street, Suite 200
Sacramento, CA 95814
Tel: (916) 444-5557

Attorneys for Plaintiff SANDRA RICHARDS

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SANDRA RICHARDS,<br><br>　　　Plaintiff,<br><br>　v.<br><br>CITY OF CITRUS HEIGHTS; RONALD LAWRENCE, an individual; GINA ANDERSON, an individual; CHRISTOPHER BOYD, an individual; and DOES 1 through 50, inclusive,<br><br>　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR AGE DISCRIMINATION IN WORKPLACE**<br><br>1. Age Discrimination/Harassment/Retaliation (ADEA; 29 U.S.C. §621, *et seq.*)<br>2. Age Discrimination/Retaliation (Cal. FEHA; Govt. Code §12940 (a) and (h))<br>3. Harassment because of Age (Cal. FEHA; Govt. Code §12940 (j)(1)<br>4. Failure to Prevent Age Discrimination/Harassment (Cal. FEHA; Govt. Code §12940 (k))<br>5. Wrongful Termination (Common Law)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff SANDRA RICHARDS (Plaintiff), complains and alleges as follows:

**I. JURISDICTION**

1. This Complaint seeks, inter alia, damages pursuant to 29 U.S.C. §621 *et seq.* and 31 U.S.C. §3730(h) for violation of Plaintiff's rights against employment discrimination because of age. Subject matter jurisdiction is founded upon Title 28 U.S.C. §1331 and §1343(a)(4). This Court also has supplemental jurisdiction over Plaintiff's California state claims pursuant to 28

Complaint for Age Discrimination in Workplace
Sandra Richards v. City of Citrus Heights; et al.

1

U.S.C. §1367.

## II. VENUE

2. Plaintiff's claims arose in the County of Sacramento, California. Venue is proper in the Sacramento Division of the Eastern District of California pursuant to 28 U.S.C. §1391(b)(2).

## III.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Under California Government Code §815.2, subd. (a), the CITY OF CITRUS HEIGHTS is vicariously liable for injuries proximately caused by the acts and/or omissions of its employees. Under California Government Code §820, subd. (a), the individuals sued here are liable for injuries caused by their acts and/or omissions to the same extent as a private person.

4. On or about June 15, 2020, Plaintiff submitted a tort claim to the CITY OF CITRUS HEIGHTS, pursuant to California's Government Tort Claim Act alleging age discrimination, retaliation for opposing age discrimination, and termination because of age.

5. In a letter dated and mailed on July 2, 2020, the CITY OF CITRUS HEIGHTS notified Plaintiff that her tort claim was rejected.

6. Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) on or about July 29, 2020 alleging age discrimination, retaliation for opposing age discrimination, and termination because of age.

7. On or about July 29, 2020, Plaintiff received a right to sue letter and notice from the EEOC, thereby exhausting her federal administrative remedies.

8. Plaintiff filed a complaint with the California Department of Fair Employment and Housing (DFEH) on or about August 13, 2020 alleging age discrimination, retaliation for opposing age discrimination, and termination because of age.

Complaint for Age Discrimination in Workplace
Sandra Richards v. City of Citrus Heights; et al.

2

9. On or about August 13, 2020, Plaintiff received a right to sue letter and notice from the DFEH, thereby exhausting her state administrative remedies.

## IV.  PARTIES

10.  Plaintiff SANDRA RICHARDS (RICHARDS) is an individual who, during all times mentioned in this Complaint, was and is a United States citizen. Plaintiff resides in the County of Placer in California.  At all times mentioned herein, RICHARDS was an "employee" at the CITY OF CITRUST HEIGHTS Police Department within the meaning of the Age Discrimination in Employment Act (29 U.S.C. §§621-634) and the California Fair Employment and Housing Act (Govt. Code §§12900-12996).

11.  Defendant CITY OF CITRUS HEIGHTS (CITY) is a local governmental subdivision of the State of California, created and existing by virtue of the laws of the State of California.  At all times mentioned herein, the CITY was an "employer" of RICHARDS within the meaning of the Age Discrimination in Employment Act (29 U.S.C. §§621-634) and the California Fair Employment and Housing Act (Govt. Code §§12900-12996).

12. Defendant RONALD LAWRENCE (LAWRENCE) is an individual.  He is the Chief of Police for the CITY OF CITRUS HEIGHTS Police Department.  He was, at all times described herein, employed by the CITY OF CITRUS HEIGHTS Police Department as a sworn peace officer as that term is defined in the California Penal Code.  He was also RICHARDS' supervisor.  Because of LAWRENCE'S rank at the top of the hierarchy at the Police Department, and because of his comprehensive control of the day-to-day functioning and long-term planning for the Police Department, he is the proxy and/or agent for the CITY OF CITRUS HEIGHTS such that his actions may be directly imputed to the CITY OF CITRUS HEIGHTS.  At all times described herein, LAWRENCE was acting within the course and scope of his employment. In doing the acts and/or

Complaint for Age Discrimination in Workplace
Sandra Richards v. City of Citrus Heights; et al.

3

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200; Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

omissions alleged herein, LAWRENCE acted under color of authority and/or color of state law. LAWRENCE is sued in both his official capacity and individual capacity.

13. Defendant GINA ANDERSON (ANDERSON) is an individual. She was the Assistant Chief of Police for the CITY OF CITRUS HEIGHTS Police Department until April 2020. She was, at all times described herein, employed by the CITY OF CITRUS HEIGHTS Police Department as a sworn peace officer as that term is defined in the California Penal Code. She was also RICHARDS' supervisor. Because of ANDERSON'S rank near the top of the hierarchy at the Police Department, and because of her role in comprehensive control of the day-to-day functioning and long-term planning for the Police Department, she is the proxy and/or agent for the CITY OF CITRUS HEIGHTS such that her actions may be directly imputed to the CITY OF CITRUS HEIGHTS. At all times described herein, ANDERSON was acting within the course and scope of her employment. In doing the acts and/or omissions alleged herein, ANDERSON acted under color of authority and/or color of state law. ANDERSON is sued in both her official capacity and individual capacity.

14. Defendant CHRISTOPHER BOYD (BOYD) is an individual. He is the City Manager for the CITY OF CITRUS HEIGHTS and is responsible for planning, supervising, and coordinating the CITY'S budget, policies, information technology, and general operations. BOYD is a supervisor for RICHARDS because he has power over the terms and conditions of her work, including whether she remains an employee of the CITY. BOYD is the proxy and/or agent for the CITY OF CITRUS HEIGHTS such that his actions may be directly imputed to the CITY OF CITRUS HEIGHTS. At all times described herein, BOYD was acting within the course and scope of his employment. In doing the acts and/or omissions alleged herein, BOYD acted under color of

Complaint for Age Discrimination in Workplace
Sandra Richards v. City of Citrus Heights; et al.

4

authority and/or color of state law.  BOYD is sued in both his official capacity and individual capacity.

## V.  FACTUAL ALLEGATIONS

15.  SANDRA RICHARDS (nee Maraviov) (hereinafter "RICHARDS"), is a 57 year-old married woman who was employed by the CITY OF CITRUS HEIGHTS (hereinafter "CITY") until she was unlawfully terminated on April 16, 2020.

16.  RICHARDS was the Support Services Manager inside the CITY Police Department.  Her wide-ranging responsibilities included managing the activities of the Support Services Division within the Police Department.  Her authority extended over planning, directing, and coordinating police dispatch, records management, volunteer program management, technical communication, oversight of automated software systems, and complex staff assistance to the Chief of Police.  She held the Support Services Manager position for almost 14 years, beginning in December 2006.  In the three year period before her termination, she received "exceptional" reviews for her job performance from Chief of Police LAWRENCE.  In fact, for the 10 years prior to her termination, RICHARDS earned exceptional job performance reviews, and received the Chief's Award in February 2014 from then-Chief of Police CHRISTOPHER BOYD (now the City Manager).

17.  RICHARDS turned 55 years of age in February 2018.  At the beginning of 2018, Chief of Police LAWRENCE began talking to RICHARDS about retiring and training her successors before her retirement.  LAWRENCE raised these subjects even though RICHARDS never expressed to him her desire to retire.  RICHARDS did not want to retire at age 55.  Nevertheless, LAWRENCE persisted in talking about RICHARDS' retirement and would frequently bring up the topic himself and talked about RICHARDS' retirement with other Police Department personnel.  LAWRENCE persisted in talking about RICHARDS' retirement even though her exceptional job performance continued after age 55 and continued until her eventual termination.

Complaint for Age Discrimination in Workplace
Sandra Richards v. City of Citrus Heights; et al.

5

18. LAWRENCE had discussions with Assistant Police Chief GINA ANDERSON regarding his wish that RICHARDS retire because of her age and/or ANDERSON knew that LAWRENCE wished RICHARDS to retire because of her age.

19. Once it became clear to LAWRENCE that RICHARDS would not retire according to LAWRENCE'S schedule, LAWRENCE began a campaign of harassment and hostility towards RICHARDS to encourage her to quit, to undermine her authority at work, and to come up with bogus workplace violations in an effort to justify otherwise unjustifiable discipline, suspension, and eventual termination. ANDERSON knowingly and actively participated in this campaign of harassment against RICHARDS.

20. On or about June 21, 2019, RICHARDS was unceremoniously escorted out of her workplace and placed on paid administrative leave by LAWRENCE. RICHARDS later called this retaliatory. At the time, nobody advised RICHARDS the reason she was placed on administrative leave.

21. On or about June 22, 2019, City Manager BOYD called RICHARDS after she left a message for him. RICHARDS protested her termination. BOYD responded that she should have had an exit plan like BOYD did. LAWRENCE had discussions with BOYD regarding LAWRENCE'S wish that RICHARDS retire because of her age and/or BOYD knew that LAWRENCE wished RICHARDS to retire because of her age.

22. In September 2019, after an internal affairs investigation, the Police Department finally cited examples of misconduct by RICHARDS that prompted her administrative leave. The examples cited are not supported by evidence, do not constitute misconduct, do not justify her administrative leave, and RICHARDS vehemently disagreed with the cited examples and voiced her opposition by calling the internal affairs investigation retaliatory.

23. The fact that it took the Police Department so long to justify RICHARDS' leave and the fact that it undertook a bad faith internal investigation means that the reasons given for

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200; Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

Complaint for Age Discrimination in Workplace
Sandra Richards v. City of Citrus Heights; et al.

6

1 RICHARDS' leave are pretexts for age discrimination and retaliation for opposing age
2 discrimination.

3     24.  The Police Department also required RICHARDS to undergo a psychological fitness for
4 duty evaluation during her leave.  This evaluation requirement was imposed without justification
5 because RICHARDS did not display any objective signs that her psychological fitness was an issue.
6 Instead, the evaluation requirement was imposed to harass and retaliate against RICHARDS for
7 voicing opposition to discriminatory harassment and retaliation because of her age and her refusal to
8 retire on LAWRENCE'S schedule.

9     25.  In addition, the Police Department violated CITY policy by disclosing confidential
10 details about RICHARDS' leave/investigation and mischaracterizing the nature of RICHARDS
11 purported misconduct when Communications/Dispatch Supervisor Dan Stockbridge disclosed the
12 details in a Regional Dispatch Manager's meeting.

13     26.  On April 8, 2020, City Manager BOYD advised RICHARDS in a letter that he decided
14 to terminate her at-will employment "for cause" based on purported findings of "serious
15 misconduct" and "harassment and discrimination."  BOYD authorized RICHARDS' termination
16 despite knowing that LAWRENCE wanted her to retire early because of her age.  These purported
17 "for cause" findings are not supported by the evidence, and there is no cause for termination.
18 BOYD advised RICHARDS that she had the right to have a pre-termination *Lubey* hearing on April
19 15, 2020.  RICHARDS exercised her right to the hearing and disputed her termination.  In a letter
20 dated April 16, 2020, after the hearing, the CITY advised RICHARDS that her employment was
21 terminated effective immediately.

## VI.  CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**Age Discrimination/Harassment/Retaliation**
(Age Discrimination in Employment Act; 29 U.S.C. §621-634)
(Against Defendant CITY OF CITRUS HEIGHTS only)

25     27.  Paragraphs 1 through 26 are incorporated by reference as though fully set forth herein.

Complaint for Age Discrimination in Workplace
Sandra Richards v. City of Citrus Heights; et al.

7

28. The CITY intentionally discriminated and retaliated against, and harassed, RICHARDS because of her age, which ultimately led to her termination. RICHARDS' termination occurred despite her being qualified for her job and performing satisfactorily.

29. As a direct and proximate result of her termination, RICHARDS suffered damages including, but not limited to, back pay, front pay, lost benefits, damage to professional reputation, emotional distress, and liquidated damages.

**SECOND CLAIM FOR RELIEF**
**Age Discrimination/Retaliation**
(California Fair Employment and Housing Act; Govt. Code §§12940 (a) and (h))
(Against Defendant CITY OF CITRUS HEIGHTS only)

30. Paragraphs 1 through 26 are incorporated by reference as though fully set forth herein.

31. The CITY intentionally discriminated and retaliated against RICHARDS because of her age, which ultimately led to her termination. RICHARDS' termination occurred despite her being qualified for her job and performing satisfactorily.

32. As a direct and proximate result of her termination, RICHARDS suffered damages including, but not limited to, back pay, front pay, lost benefits, damage to professional reputation, emotional distress, and punitive damages.

**THIRD CLAIM FOR RELIEF**
**Harassment because of Age**
(California Fair Employment and Housing Act; Govt. Code §§12940 (j)(1))
(Against all Defendants)

33. Paragraphs 1 through 26 are incorporated by reference as though fully set forth herein.

34. LAWRENCE, ANDERSON, and BOYD, individually and officially on behalf of the CITY, intentionally harassed RICHARDS because of her age. The campaign of harassment against RICHARDS permanently altered her work environment and turned it hostile.

35. As a direct and proximate result of her harassment, RICHARDS suffered damages including, but not limited to, damage to professional reputation, emotional distress, humiliation, mental anguish, and punitive damages.

Complaint for Age Discrimination in Workplace
Sandra Richards v. City of Citrus Heights; et al.

8

**FOURTH CLAIM FOR RELIEF**
**Failure to Prevent Discrimination/Harassment because of Age**
(California Fair Employment and Housing Act; Govt. Code §§12940 (k))
(Against Defendant CITY OF CITRUS HEIGHTS)

36. Paragraphs 1 through 26 are incorporated by reference as though fully set forth herein.

37. The CITY failed to take all reasonable steps necessary to prevent discrimination against, and harassment of, RICHARDS.

38. As a direct and proximate result of this failure, RICHARDS suffered damages including, but not limited to, damage to professional reputation, emotional distress, humiliation, mental anguish, and punitive damages.

**FIFTH CLAIM FOR RELIEF**
**Wrongful Termination**
(California Common Law)
(Against Defendant CITY OF CITRUS HEIGHTS only)

39. Paragraphs 1 through 26 are incorporated by reference as though fully set forth herein.

40. At all times described herein, the CITY knew that RICHARDS fulfilled all of her duties and obligations as an employee.

41. RICHARDS' termination constituted wrongful termination by the CITY that violated the fundamental public policy that employees should not be terminated because of age (29 U.S.C. §621-634; Cal. Govt. Code §§12900-12996) or in retaliation for opposing age discrimination. The termination constituted outrageous conduct committed with malice and oppression.

42. As a direct and proximate result of this termination, RICHARDS suffered damages including, but not limited to, back pay, front pay, lost benefits, damage to professional reputation, emotional distress, humiliation, mental anguish, and punitive damages.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. For compensatory, general, and special damages against each Defendant, jointly and

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200; Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

severally, in the amount proven at trial;

2. For punitive and exemplary damages against each Defendant, only as allowed by law, in an amount appropriate to punish Defendants and deter others from engaging in similar conduct;

3. For costs and reasonable attorneys' fees pursuant to Title 42 U.S.C. § 2000e-5(k), California Government Code §12965(b), and as otherwise authorized by statute or law;

4. For such other relief, including injunctive and/or declaratory relief.

**JURY TRIAL DEMAND:** Plaintiff SANDRA RICHARDS demands trial by jury.

Dated: October 27, 2020           /s/ Johnny L. Griffin, III
                                  Johnny L. Griffin, III
                                  Law Offices of Johnny L. Griffin, III
                                  Attorney for Plaintiff SANDRA RICHARDS

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200; Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

Complaint for Age Discrimination in Workplace
Sandra Richards v. City of Citrus Heights; et al.

10